IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>RONALD L. NEWBY,   )<br>)<br>Defendant.   ) | Case No. 8:08CR216<br><br>REPORT AND RECOMMENDATION |

This case is before the court on the Motion to Suppress Evidence (#15) filed by defendant Ronald Newby.  Defendant argues that a search warrant for 2312 Ogden, Omaha, Douglas County, Nebraska, was issued based upon a defective, unconstitutional and unlawful affidavit and application, all in violation of the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  The motion was heard on July 30, 2008.  The transcript of the hearing (#30) was filed on August 4, 2008.  The motion was deemed submitted on August 20, 2008, upon the filing of the defendant's post-hearing brief (#35).

For the reasons set out below, I recommend that the Motion be denied.

## FACTUAL BACKGROUND

On February 25, 2008 Omaha police officer Joseph Baudler conducted a search of 2312 Ogden, Omaha, Douglas County, Nebraska, pursuant to a search warrant.

At the hearing, the government offered, and the court received, a copy of the search warrant, affidavit, and application (Ex. 1).  Exhibit 1 states, in part:

Affidavit and application for Issuance of a Search Warrant

The complaint and affidavit of Officer Joseph E. Baudler 1203 and Officer Nicholas E. Muller 1758, on this 21 day of February, 2008, who, being first duly sworn, upon oath say:

That the officers have just and reasonable grounds to believe, and do believe that there is concealed or kept as hereinafter described, the following, property, to wit:

Cocaine and it's derivatives, whether homemade or manufactured; scales and packaging materials commonly used in the distribution of illicit drugs; Monies and proceeds associated with the sales of illicit drugs; weapons used to protect an illegal narcotics operation and Records used to conduct illegal narcotics operation and venue items identifying the occupants of 2312 Ogden Street, Omaha, Nebraska.

That said property is concealed or kept in, on, or about the following described place or person, to wit:

2312 Ogden Street, Omaha, Douglas County, Nebraska, is described as a tan, one and half story single family dwelling with brown trim with the numbers 2312 clearly marked on the front of the residence. The house sits on the north side of Ogden street in Omaha, Douglas County Nebraska and the persons of Frederick Newby a black male with the date of birth 09-01-1953 and Ronald Newby a black male with the date of birth 09-15-1949.

That said property is under the control or custody of:

Affiant Officer located venue during a trash pull to Ronald Newby addressed to 2312 Ogden Street, Omaha Nebraska 68110 and Ronald and Fredrick Newby lists the address as their place of residence in the Douglas County Mainframe computer.

That the following are the grounds for issuance of a search warrant for said property and the reasons for the officers' belief to wit:

Affiant Officer Joseph E. Baudler 1203 was contacted by a confidential informant hereafter referred to as the C/I. The C/I advised affiant Officer that on prior occasions he/she had seen a black male know to him/her as Fred Newby selling crack from Noon's barber shop at 4924 Ames Street to customers coming and going from the residence. The C/I further advised that he has heard from other individuals involved in illegal narcotics trafficking that Fred Newby keeps crack and cash obtained from illegal

-2-

narcotics sells at his residence at 2312 Ogden Street. The C/I states that Fred Newby is a black male about 6' tall 180 pounds and about 50 years of age.

A data check of the Douglas County Mainframe shows that Fredrick Newby a black male 6' tall and 170 pounds and the date of birth of 9/7/53 lists 2312 Ogden Street Omaha, Douglas County Nebraska as his place of residence and has prior convictions 10/25/86 for Controlled Substance Possession with intent to Deliver.

Affiant Officer Baudler has conducted surveillance on 4924 Ames and observed a blue 1991 Chevy Corsica with Nebraska plate PKN269 parked at the barber shop and in front of 2312 Ogden Street, Omaha, Nebraska. The vehicle is registered to Fred Newby at 2312 Ogden Street.

The C/I who provided this information is not under any terms of parole probation or work release and is familiar with illegal narcotics trafficking and how it is sold on the streets. The C/I has on prior occasions provided Affiant Officer Baudler 1203 with information leading to the issuance of search warrants and misdemeanor and felony arrests and the recovery of illegal weapons and narcotics.

Affiant Officer Joseph E. Baudler 1203 and Nicholas E. Muller 1758 conducted a trash pull at 2312 Ogden Street, Omaha, Nebraska on 19 February 2008 at 2200 hrs. Affiant Officers located a clear plastic bag cut in a way which affiant officers know from past experience that narcotics are commonly packaged. Affiant officers located the bag in a trash bag which was retrieved from a plastic trash can located on the curb in front of 2312 Ogden Street. The trash bags were placed at the curb for regular pickup which occurs in that neighborhood on the 20 February 2008. Affiant officers observed cocaine residue on the plastic bag. Affiant Officers transported the plastic bag of cocaine residue to Omaha Police Central crime lab. The bag and residue field tested positive for cocaine. Affiant officers then located two venue items in the trash bag addressed to Ronald Newby. Affiant Officers located an On the Move Travel Accident Plan Card to Ronald Newby and an American Legion letter addressed to Ronald Newby at 2312 Ogden St, Omaha, Nebraska 68110. These items were booked into property as evidence.

Affiant officers conducted a data check of Ronald Newby through Douglas County Mainframe. The mainframe lists Ronald Newby as a black male 5'11" tall and 185 pounds and the date of birth of 09/15/49 lists 2312 Ogden Street Omaha, Douglas County Nebraska as his place of residence and has prior convictions 06/03/86 for controlled substance possession,

03/22/89 for controlled substance with intent to deliver, and 12/08/2001 for felon in possession of a firearm.

A warrant authorizing a night-time search is requested because:

Not requested.

That a No Knock Search Warrant is requested because:

Due to the fact that the crack cocaine being sold from 2312 Ogden Street, affiant officer knows from past experience that the evidence being sought could be easily destroyed by flushing it down the toilet or by swallowing it.

## LEGAL ANALYSIS

### A. Confidential Informant.

Defendant contends that the search warrant affidavit fails to establish probable cause, in part, because the affidavit contains information provided by a confidential informant. According to the defendant, the affidavit failed to independently establish the informant's reliability and law enforcement failed to independently corroborate the information provided.

"The statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant." *United States v. Wright,* 145 F.3d 972, 975 (8th Cir. 1998); *see also United States v. Carpenter*, 341 F.3d 666, 669 (8th Cir. 2003) (same). "The reliability of a confidential informant can be established if the person has a history of providing law enforcement officers with truthful information." *Wright*, 145 F.3d at 975.

In this case, the affidavit states the informant was not on parole, probation, or work release, is familiar with illegal narcotics trafficking and how it is sold on the streets, that

he/she was reliable, and that he/she had in the past provided information which had proven to be both reliable and accurate. In particular, this confidential informant had provided information which led to the issuance of search warrants, misdemeanor and felony arrests, and the recovery of illegal weapons and narcotics.

The confidential informant's reliability in this case was further demonstrated by law enforcement's verification: (1) a trash pull at 2312 Ogden Street on February 19, 2008, which yielded venue items, (2) a check of the Douglas County mainframe listing a Fredrick Newby at 2312 Ogden Street, Omaha, Douglas County, Nebraska, and (3) a prior conviction for Fredrick Newby 10/25/86 for possession of controlled substance with intent to deliver. Based on the record in this case, law enforcement's corroboration is sufficient to establish probable cause, where, as here, the informant has a previous record of providing law enforcement with reliable information. *United States v. Gladney*, 48 F.3d 309, 315 (8th Cir. 1995). *Compare United States v. Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995) ("where a previously unknown informant provides information, the informant's lack of a track record *requires* 'some independent verification' to establish the reliability of the information." (emphasis added)).

Under the totality of the circumstances, considering the informant's record of reliability, and the corroboration by law enforcement, which included the defendant's criminal history being similar to the allegations against him, I conclude that the information received from the confidential informant was reliable and was sufficiently corroborated by law enforcement to be used by the issuing judge in his determination as to probable cause.

### B. Probable Cause to Issue Search Warrant.

Defendant further urges that the issuing judge did not have probable cause to issue a search warrant for 2312 Ogden Street. This challenge is based upon the alleged insufficiency of a factual basis for the finding of probable cause.

The task of the issuing judge in determining whether probable cause existed to issue a search warrant was "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that evidence of a crime would be present. See *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The duty of this court, as a reviewing court, is simply to "ensure that the magistrate or issuing judge had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Great deference is afforded the issuing judge's determination of probable cause. *Illinois v. Gates*, 462 U.S. at 236; *United States v. Wright*, 145 F.3d 972, 975 (8th Cir.), *cert. denied,* 525 U.S. 919 (1998).

Given the totality of the circumstances, the issuing magistrate made a practical, commonsense decision that there was probable cause to issue a search warrant. Giving due deference to the issuing court, I find the judge had a substantial basis for concluding there was probable cause to believe that evidence of a crime would be present at 2312 Ogden Street. This is especially true given that the February 19, 2008 trash pull at the address resulted in the location of a trash bag containing cocaine residue. This information alone was sufficient to allow the issuing judge to find probable cause to search.

### *C. Good Faith Exception.*

I also find that the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984) applies to this search warrant. In *Leon*, the Supreme Court recognized that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916. Accordingly, evidence obtained pursuant to a search warrant should not be excluded where the officers executed the warrant "with an objectively reasonable reliance on the magistrate's determination of probable cause." *United States v. Riedesel*, 987 F.2d 1383, 1391 (8th Cir. 1993).

The Court established four exceptions to the good faith exception: (1) when the judicial officer was misled by information in the affidavit that the affiant knew was false or included in the affidavit in reckless disregard of the truth; (2) where the issuing officer wholly abandoned the judicial role; (3) where the affidavit supporting the warrant contains so few indicia of probable cause as to render official belief in existence of probable cause "entirely unreasonable;" and (4) where the warrant itself was so facially deficient that no executing officer could reasonably presume it to be valid. *Leon*, 468 U.S. at 923.

Even if there was not probable cause to issue the warrant, the Fourth Amendment exclusionary rule does not ban evidence obtained by an officer acting in reasonable reliance upon a search warrant issued by a neutral magistrate, even if the warrant is later found to be invalid for lack of probable cause. Given the facts of this case, Baudler's reliance was objectively reasonable, as the judge was not misled by false information known to be false by the affiant. Nor is there any evidence that the issuing judge abandoned his role, or that the warrant was based on an affidavit so lacking in probable

cause as to make belief in it unreasonable.  Should the district court find that the affidavit in this case did not establish probable cause for the issuance of the search warrant, I find that the evidence is nevertheless admissible under the good faith exception of *Leon.*

## RECOMMENDATION

For the reasons discussed above,

**IT IS RECOMMENDED** that Defendant's Motion to Suppress Evidence (#15) be denied.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) business days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED September 10, 2008.**

                                     **BY THE COURT:**

                                     **s/ F.A. Gossett**
                                     **United States Magistrate Judge**