IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:08CR216** |
| vs. | ) | |
| | ) | **ORDER** |
| **RONALD L. NEWBY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the court on the defendant's Motion for Leave to File an Amended Motion to Suppress [33], together with the proffered amended motion [34]. The court has also considered the affidavit of counsel [37], which explains the facts and circumstances of the "error in production of critical discovery materials" forming the basis for the request for leave to file an amended motion.

    The discovery material in question is the "cellophane with cocaine residue" recovered from the trash pull at 2312 Ogden Street on February 19, 2008. The search warrant application, quoted in the Report and Recommendation filed this date, stated:

> Affiant Officer Joseph E. Baudler 1203 and Nicholas E. Muller 1758 conducted a trash pull at 2312 Ogden Street, Omaha, Nebraska on 19 February 2008 at 2200 hrs. Affiant Officers located a clear plastic bag cut in a way which affiant officers know from past experience that narcotics are commonly packaged. Affiant officers located the bag in a trash bag which was retrieved from a plastic trash can located on the curb in front of 2312 Ogden Street. The trash bags were placed at the curb for regular pickup which occurs in that neighborhood on the 20 February 2008. ***Affiant officers observed cocaine residue on the plastic bag. Affiant Officers transported the plastic bag of cocaine residue to Omaha Police Central crime lab. The bag and residue field tested positive for cocaine.*** Affiant officers then located two venue items in the trash bag addressed to Ronald Newby. Affiant Officers located an On the Move Travel Accident Plan Card to Ronald Newby and an American Legion letter addressed to Ronald Newby at 2312 Ogden St, Omaha, Nebraska 68110. These items were booked into property as evidence.

(Emphasis added). This physical evidence was not disclosed to the defense in a related state court proceeding and was belatedly disclosed in this federal court proceeding, apparently because of an error or irregularity by the Omaha Police Department in assigning an "RB" number to the items.

During the evidentiary hearing on the defendant's original motion to suppress, defense counsel specifically advised the court that the defendant was not raising any issue under *Franks v. Delaware,* 438 U.S. 154 (1978), and agreed that a "four corners" analysis of the search warrant application was the proper analysis. (Doc. 30, Tr. pp 10-11/34). It was not necessary for the judge who issued the search warrant to actually examine the physical evidence retrieved from the trash pull in order to find probable cause to issue the warrant. The belated disclosure of the physical evidence would not alter the court's analysis regarding the issuance of the search warrant.

Defendant also requests that the motion to suppress be expanded to include the "search of the oral cavity of Ronald Newby," which occurred prior to the search of 2312 Ogden. The circumstances of such a search should have been known to counsel well before the motion deadline expired and certainly before the July 30, 2008 motion hearing.

The court finds that the defendant has not shown good cause to reopen the deadline for filing substantive motions.

**IT IS ORDERED:**

1. Defendant's Motion for Leave to File an Amended Motion to Suppress [33] is denied.

2. Defendant's Amended Motion [34] is hereby stricken from the record as untimely filed.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) business days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED September 10, 2008.**

            **BY THE COURT:**

            **s/ F.A. Gossett**
            **United States Magistrate Judge**