IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR216** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RONALD L. NEWBY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 51) from the Magistrate Judge's order (Filing No. 49) denying the Defendant's motion to compel. A supporting brief accompanies the appeal. (Filing No. 52.)

## FACTUAL BACKGROUND

The discovery deadline was June 9, 2008. The pretrial motion deadline was June 23, 2008. The government was ordered to disclose information under *Brady v. Maryland,* 373 U.S. 83 (1963), as soon as practicable. (Filing No. 8, ¶ 3.) On June 20, 2008, the defense filed a motion to suppress based on an allegedly unconstitutional and unlawful search warrant application and affidavit. (Filing No. 15.) The motion to suppress was heard on July 30, 2008. (Filing No. 25.) The evidence at the hearing included the search warrant application and affidavit. (Filing No. 26.) The Court denied the motion to suppress. (Filing No. 42.) On September 19, 2008, trial was scheduled for October 14, 2008. (Filing No. 43.) On October 7, 2008, the Defendant filed a motion "to compel disclosure of identity of confidential informant (*Brady v. Maryland* exculpatory information)"

and a request for a hearing. (Filing No. 45.) Magistrate Judge F.A. Gossett denied the motion as untimely. (Filing No. 49.) This appeal followed. (Filing No. 51.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

The motion to compel the disclosure of the confidential informant is argued as a *Brady* motion. The Defendant argues that the information is exculpatory *Brady* material because the confidential informant spoke about Fred Newby and not the Defendant, Ronald L. Newby. On July 30, 2008, defense counsel argued this point in conjunction with the motion to suppress:

> Ms. Dunn-Herzog:   . . . [T]he confidential informant set – provided the police officer with information with regard to activities occurring at that address by Fred Newby.
>
>    . . . .
>
>    Here's where the problem arises. Ron Newby has no connection to that Ames Street address. And the confidential informant says nothing –

(Filing No. 30, at 13-14.)

Clearly, therefore, the defense possessed the information relevant to the argument on the pending motion when the government provided discovery, including the search warrant and application. (*Cf.* Filing No. 15 *and* Filing No. 51.) The defense could have

timely filed a motion to disclose the confidential informant's identity.  Rather the defense filed the motion on the eve of trial, calling the motion a *Brady* motion.  Even as a *Brady* motion, the Court concludes that the motion is untimely because the defense has had the information that to the filing of the motion since approximately June 9, 2008, the discovery deadline.  The record includes no indication that the government did not comply with the June 9, 2008, discovery deadline and, in any event, the information was in the hands of the defense before the motion to suppress was filed on June 20, 2008.

## CONCLUSION

Therefore, Judge Gossett's order is not clearly erroneous or contrary to law.  The Defendant's appeal is denied.

IT IS ORDERED:

1. The Defendant's appeal from the Magistrate Judge's order, including the request for a hearing (Filing No. 51) is denied; and

2. The Magistrate Judge's Order denying the Defendant's motion to compel the identity of the confidential informant (Filing No. 49), is affirmed.

DATED this 9th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3