IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:008CR216** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **RONALD L. NEWBY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 63).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement states that the parties agree that the Defendant should be held accountable beyond a reasonable doubt for 5 grams or more of crack cocaine.  The plea agreement does not state a recommended base offense level. Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the Defendant should be sentenced to 60 months imprisonment.  The government's version of the offense states that the Defendant is accountable for 14.2 grams of crack cocaine; this amount would place the Defendant within base level 24.

The PSR states that the Defendant is responsible for 70.3 grams crack cocaine derived from the 14.2 grams referred to in the government's version of the offense and the conversion of seized cash in the amount of $1,982.  (PSR, ¶ 17.)  Therefore, the PSR assigns a base level of 30.

The government objects to the PSR, arguing that it stands by the amount of crack cocaine stated in the plea agreement and that it did not convert the cash because it was forfeited.  (Addendum to PSR; Filing No. 63.)

The amount agreed upon in the plea agreement is a statutory amount and does not result in the application of any specific base offense level.  However, the parties apparently intended to agree upon an amount of 14.2 grams crack cocaine and base offense level 24.  Therefore, the Court tentatively finds that base offense level 24 applies.  The Court intends to honor the parties Rule 11(c)(1)(C) agreement.

IT IS ORDERED:

1. The government's Objections to the Presentence Investigation Report (Filing No. 63) are granted;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of December, 2008.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge